UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No.  6:14-cv-1534-Orl-22TBS

JASON P. STINSON individually and d/b/a
LBS TAX SERVICES, and NATION TAX
SERVICES, LLC,

    Defendant.
_____/

## ORDER

    Plaintiff The United States of America alleges that Defendant Jason P. Stinson individually, as the managing member of Nation Tax Services, LLC, and as the owner of an LBS Tax Services franchise, has operated 12 tax return preparation stores in Florida, Georgia, North Carolina, and Alabama. (Doc. 1).  Plaintiff avers that Defendant and many of his managers and tax return preparers have engaged in pervasive tax fraud by making and encouraging others to make false claims on their tax returns including fabricating income, expenses, deductions and credits.  (Id.). Plaintiff estimates the tax loss from Defendant's activities may be more than $19,000,000.  (Id.).  It also alleges that Defendant's customers now face large income tax debts and may be liable for sizeable penalties and interest.  (Id.)

    Pending before the Court is the United States' Motion for Leave to Take More than 10 Fact Depositions (Doc. 23).  Plaintiff desires to take a sufficient number of depositions to provide the Court with testimony from witnesses whose tax returns were prepared in different geographic areas and in different years to support its

allegations of widespread and systemic preparation of fraudulent tax returns. (Id.). Plaintiff also wishes to depose Defendant's employees and other persons associated with Defendant's tax preparation business. (Id.). To accomplish this discovery, Plaintiff would like to take up to 100 fact depositions. (Id.). Counsel for Plaintiff inquired and was informed by defense counsel that Defendant objects to the relief sought in the motion. (Id.). But, Defendant has not filed a response in opposition to the motion and the time within to do so has expired. The Court construes Defendant's failure to respond as an indication that he does not in fact oppose the motion.

When a party seeks leave of court to take more than the ten depositions allowed by FED.R.CIV.P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED.R.CIV.P. 26(b)(2)(C).

Ordinarily, before such a motion is granted, the party seeking leave to take more than ten depositions must justify the necessity of the depositions already taken in the case. See F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A., Case No.

2:13-cv-208-FtM-38CM, 2014 WL 1047245 at *2 (M.D.Fla. Mar. 17, 2014); AIG Centennial Ins. Co. v. O'Neill, Case No. 09-60551, 2011 WL 4116555 at *16 (S.D.Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A), FED.R.CIV.P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition previously taken without leave of court."); Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp., Case No. 10-21511-CIV, 2010 WL 3003914 at *2 (S.D.Fla., July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482 (N.D.Tex. 2001)).

Some courts have denied motions to take in excess of ten depositions that were filed before the movant exhausted the ten depositions provided by Rule 30. See Cutugno v. Second Chance Jai Alai LLC, Case No. 5:11-cv-113-Oc-34PRL, 2012 U.S. Dist. LEXIS 144557 at *3 (M.D.Fla. Oct. 5, 2012) ("At best, Plaintiffs' request is premature as Plaintiffs filed their motion after only taking four depositions.  Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of additional depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative.").

Plaintiff's motion was filed before any depositions have been taken.  It seeks to depose a sufficient number of witnesses, including Defendant's employees and customers, to prove the averments in its complaint.  It also intends to use at least

some of the deposition transcripts in lieu of live testimony from witnesses who do not have the means or ability to travel to this Court for hearings and the trial.  Plaintiff represents that most of the depositions will last no longer than an hour, and that it intends to schedule multiple depositions per day in a single geographic area whenever possible.

Plaintiff's complaint and motion allege illegal activity occurring during a multi-year period, in12 separate tax preparation stores, operating in 4 states, involving tens of thousands of income tax returns, the use of differing false deductions and bogus credits in different tax returns, and millions of dollars in losses.  The scope of the allegations, combined with the lack of any known alternative to obtain the same information as effectively, or less expensively, provides good grounds to grant Plaintiff's motion.  Perhaps this is why in related Case No.'s 6:14-cv-1536-Orl-22TBS, 6:14-cv-1537-Orl-22TBS, and 6:14-cv-1538-Orl-22TBS defense counsel agreed to Plaintiff's motions for leave to take up to 100 fact witness depositions and in related Case No. 6:14-cv-1535-Orl-22TBS, the defendant agreed that Plaintiff could take up to 210 hours of deposition testimony.

Now, after due consideration, the Court finds that the depositions Plaintiff seeks to take will not be "unreasonably cumulative or duplicative," and that they cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive."  FED.R.CIV.P. 26(b)(2)(C)(i).  The Court finds that Plaintiff has not "had ample opportunity to obtain the information by discovery in the action."  FED.R.CIV.P. 26(b)(2)(C)(ii).  And, the Court finds that "the burden or expense

of the proposed discovery" does not outweigh "its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED.R.CIV.P. 26(b)(2)(C)(iii). Accordingly, Plaintiff's motion is GRANTED and it is authorized to take up to 100 fact depositions in this case.

DONE AND ORDERED in Orlando, Florida, on December 23, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel