UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No:   6:14-cv-1534-Orl-22TBS

JASON P. STINSON,

    Defendant.

## ORDER

This case comes before the Court on Defendant's Motion to Compel Plaintiff to Produce Declarant Ricky Poole for Deposition, to Extend Reply Page Limit to Twenty, and to Abate Time in which to File Reply, or, Alternatively, to Strike Declaration of Ricky Poole and Footnote 14 of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 95).

Plaintiff alleges that Defendant individually, and through his wholly owned tax preparation business, engaged in a pervasive fraud by making, and/or directing and encouraging others to make, false claims on customers' tax returns (Doc. 1, ¶¶ 6-7). Plaintiff seeks injunctive and other relief pursuant to §§ 7402, 7407 and 7408 of the Internal Revenue Code (Id.).

Approximately three months after the case was filed, Plaintiff moved for a preliminary injunction against Defendant (Doc. 55). The Court held a hearing on the matter and after considering the evidence and argument presented by the parties, entered its Order enjoining Defendant from preparing, or aiding and assisting others in the preparation of federal tax returns (Doc. 69). In its Order, the Court said "[t]he

Government has presented enough evidence to show a pattern of false tax returns sufficient to prove it is likely to succeed on the merits."  (Id., at 4).

In its initial disclosures, Plaintiff identified Internal Revenue Service agent Ricky Poole as the person who "investigated Stinson and his businesses' preparation of tax returns."  (Doc. 104-2 at 5).  Plaintiff also disclosed that the documents in its possession included "IRS examination records of some of the customers of ... stores owned or operated by Stinson."  (Id., at 6).  In discovery, Defendant requested "[c]opies of any and all IRS audit and/or investigative files regarding JASON P. STINSON, individually and d/b/a LBS TAX SERVICS and/or NATION TAX SERVICS, LLC (Doc. 104-1, ¶ 8).  On June 12, 2015, Plaintiff produced 8,851 pages of documents containing records related to customer audits (Id., ¶ 9).  At the time, Plaintiff told Defendant it had additional audit files to produce and that it would supplement its production as ongoing examinations of Defendant's customers were identified and received (Doc. 104-3, ¶ 1).  On June 22, 2015, Plaintiff produced 2,859 additional pages of documents related to customer audits (Doc. 104-1, ¶ 10).

Defendant deposed Poole on June 25, 2015 (Doc. 94).  Poole testified that approximately 130 audits had been conducted at the time of the deposition, and that the audit results were important to him (Doc. 104 at 5).  Still, Defendant did not ask Poole any questions about the audit results, individually or collectively, or any questions about the audit files in his possession (Doc. 104 at 5).

After discovery was closed and the deadline to file dispositive motions had expired, the Court permitted Defendant to file a motion for summary judgment based on the holding in Carlson v. United States, 754 F.3d 1223 (11th Cir. 2014) (Docs. 77, 92).  Plaintiff's response to the motion includes Poole's declaration in which he says:

- 2 -

> 5. As the Revenue Agent assigned to this investigation of Stinson, my duties in the ordinary course of business included compiling and reviewing the IRS examination files, sometimes referred to as audit files, of customers who had their tax returns prepared at Nation Tax Services tax return preparation stores.
>
> 6. As of March 31, 2016, the IRS has completed examinations of 241 tax returns for tax years 2011, 2012, and 2013, for 154 customers whose tax returns were prepared at Nation Tax Services tax return preparation stores.
>
> 7. Of these 241 examined returns, 234 required adjustments to the amount of tax reported. Of the 234 that required adjustments, 230 resulted in a tax deficiency. The total tax deficiency for these tax returns was $1,107,222, for an average tax deficiency per return (including the seven with no adjustments and the four that did not result in a tax deficiency) of $4,594.28.
>
> 8. Of the 154 customers whose returns were examined, seven of the customers had returns that identified Jason Stinson as the preparer. All seven had tax deficiencies.

(Doc. 93-1).

After reading Poole's declaration, Defendant asked Plaintiff to produce him for a second deposition and Plaintiff refused (Doc. 95, ¶ 3). Now, Defendant is moving the Court to compel Plaintiff to make Poole available for another deposition (Id.). As grounds he argues that when Poole was deposed, Plaintiff had not produced at least 26 of the audit files, that Defendant was unable to depose Poole on matters that occurred after the deposition, and that after repeatedly claiming that the audit files have little or no probative value, Plaintiff now relies on them to defend against the summary judgment motion. Defendant also argues that Poole's reference to audit files is inadmissible hearsay (Id.).

Plaintiff filed a response to the motion to compel, and Defendant sought leave of Court to file a reply (Docs. 104, 106). The Court granted the motion, and authorized

Defendant to file a reply limited to addressing new matters asserted in Plaintiff's response (Doc. 107).  The Court limited the reply to 10 pages (Id.).  Defendant has disregarded the Court's Order and filed a reply that is 160 pages long, including 149 pages of exhibits, which largely repeats and expands upon arguments made in his motion to compel (Doc. 110).  So as not to reward Defendant's untimely attempt to improve upon his motion to compel, the Court has largely disregarded the reply.

This case is governed by the district judge's Case Management and Scheduling Order ("CMSO") (Doc. 77).  Federal Rule of Civil Procedure 16(b)(4) provides that once a scheduling order is entered, the "schedule may be modified only for good cause and with the judge's consent."  Pursuant to the CMSO, discovery has been closed for approximately 10 months.  "Consequently, reopening discovery would require a showing of good cause."  U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 576 F. Supp. 2d 128, 133 (D.D.C. 2008).  In Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998), the court said the "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Id., at 1414 (quoting FED. R. CIV. P. 16 advisory committee's note).  The Eleventh Circuit also quoted Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) where that court said "[i]f [a] party was not diligent, the [good cause] inquiry should end."  "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry[.]" Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

"Courts generally disfavor repeat depositions.'"  Ast v. BNSF Ry. Co., No. 09-2519-EFM-DWB, 2011 WL 5080256, at *1-2 (D. Kan. Oct. 25, 2011) (internal citations omitted).  In deciding whether to allow a second deposition, courts apply the standard for limiting discovery set out in FED. R. CIV. P. 26(b)(2).  See, Arugu v. City of Plantation, No. 09-

61618-CIV, 2010 WL 2609394, at *3 (S.D. Fla. June 27, 2010).   The court considers whether the requested discovery is cumulative or duplicative, or can better be obtained from some other source; whether the party seeking discovery has had ample opportunity to obtain the information pursuant to prior discovery in the action; and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Id.; FED. R. CIV. P. 26(b)(2).

Defendant has not described what particular facts he now seeks from Poole, or how he would use those facts to rebut Plaintiff's arguments in opposition to the motion for summary judgment.   Defendant also did not take advantage of the opportunity he had to depose the auditors who performed the audits (Id., at 12).

Defendant had the majority of the audit files when he deposed Poole (Doc. 110 at 5).   Despite Poole's testimony that the audits are "important," Defendant failed to ask any questions about them.   Now, he cannot carry his burden to show that he could not meet the discovery scheduled in the CMSO despite due diligence.   The Court will not compel a second deposition of Poole simply because his declaration refers to audit results, the majority of which he could have been questioned about when he was deposed.   In a similar case this Court wrote:

> The Court is unpersuaded that it should reopen discovery so that Plaintiff can question a 30(b)(6) witness about the contents of batch sheets, where, as here, Plaintiff failed to ask any questions about the contents of batch sheets at the earlier 30(b)(60 deposition.   The Court will not allow Plaintiff to address these issues for the first time–months after the close of discovery–because some batch sheets (which apparently do not significantly vary in form or content) were produced after discovery.

RES Dev. Corp. v. Momentive Performance Materials, Inc., No. 5:09-cv-491-Oc-32TBS, 2012 WL 3244527, at *1 (M.D. Fla. Aug. 7, 2012).

Poole's declaration covers the period through March 31, 2016, which is roughly 9 months after his deposition. Defendant argues that he should be given a second deposition because he could not ask Poole questions about things that did not occur until after the first deposition was taken. If Defendant had deposed Poole, or the auditors, concerning the audits that had been produced, and could show, based on that discovery, that further inquiry is necessary and appropriate, the Court's view of the situation might be different. Instead, it appears that Defendant only became interested in discovering information about the audit files after the Poole declaration was filed. Most of that information could have been obtained from Poole (or the auditors) before discovery closed. The Court will not permit a second deposition for Defendant to obtain information that was available to him prior to the discovery cutoff, and which may, had it been uncovered, have provided the grounds for a second deposition.

Defendant argues that Plaintiff should not be allowed to rely on the audit files after asserting that they are of little or no probative value. This argument appears to be about the Carlson decision. Carlson holds that the Government must prove its case under I.R.C. § 6701 by clear and convincing evidence. 754 F.3d at 1224. In Carlson, the Government relied exclusively on evidence that auditors had identified deductions the taxpayers could not substantiate. The Eleventh Circuit said the auditors' conclusions, without more evidence, were insufficient to prove that Carlson actually knew the returns she prepared understated the correct tax. Id., at 1230. It remains to be seen whether Plaintiff will offer the audit files as evidence at trial and if it does, whether the Court will admit them.

Defendant asserts that Poole's reference to audit files is inadmissible hearsay. Poole did not perform the audits, he has no personal knowledge of them except that he

has reviewed them, and Plaintiff did not designate Poole as an expert witness. Defendant also argues that the audits were prepared in anticipation of litigation, are not records of regularly conducted business activity, and Poole is no the custodian of the audit files. Plaintiff counters that Poole's declaration is merely a summary of voluminous audit files, which is admissible under FED. R. EVID. 1006. Rule 1006 requires the proponent of the evidence to "make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Id. Plaintiff argues that it has done this by producing the audit files to Defendant. The Court is not convinced. Poole's declaration extracts specific information from the audit files which is not the same thing as summarizing them. If the Court found that Poole's declaration was an appropriate summary, then an expert witness would not be required to provide this evidence. F.T.C. v. Washington Data Res., No. 8:09-cv-2309-T-23TBM, 2011 WL 2669661, at *3 (M.D. Fla. July 7, 2011).

Plaintiff also argues that Poole's declaration is admissible because, as an internal revenue agent assigned to the case, he is competent to summarize the contents of the records maintained by IRS in the ordinary course of its business. Plaintiff's argument depends in part, upon whether the audit files were made in the ordinary course of the IRS' business. The IRS' mission includes enforcing the Internal Revenue Code, and investigating potential violations of the Code. Audits are one way in which the IRS fulfills its mission. Therefore, the Court fails to understand how it can be said that the audits were not made in the ordinary course of the IRS' business. Perhaps there is legal authority to the contrary, but if it exists, it has not been cited to the Court in connection with this motion.

For all of these reasons, Defendant's motion to compel, his motion to extend page limit, his motion to abate, and his motion to strike are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 13, 2016.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record