UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No:   6:14-cv-1534-Orl-22TBS

JASON P. STINSON,

    Defendant.

## ORDER

Following a trial on the merits, the Court found that Defendant Jason P. Stinson, while acting as a tax preparer, violated the Internal Revenue laws by both negligently and willfully preparing tax returns containing improper and false claims that served to wrongfully reduce the taxpayer's liability (Doc. 221 at 26). The Court also found that the goal of Stinson's "business model was to essentially take advantage of low-income taxpayers." (Id., at 28). Based upon these and other findings, the Court entered a permanent injunction against Stinson (Id., at 43-45). That injunction includes the following requirement ("Paragraph E"):

> E.    Jason Stinson shall contact, within 30 days of this Order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom Jason Stinson, LBS Tax Services stores owned or managed by Stinson, and Nation Tax Services prepared federal tax returns or claims for a refund for tax years 2010 through the present to inform them of the permanent injunction entered against him, including sending a copy of this Order but not enclosing any other documents or enclosures unless agreed to by counsel for the United States or approved by the Court.

(Id., at 44). This language was suggested by Plaintiff in its Proposed Findings of Fact and Conclusions of Law (Doc. 218 at 133-34).

Stinson estimates that complying with Paragraph E will cost in excess of $8,000 based on postage of $1.50 for each of the approximately 6,000 former customers (Doc. 224, ¶ 2). Additionally, Stinson reports that he does not have current addresses for the majority of the former customers (Id.). Therefore, he has proposed, and Plaintiff has agreed, to the publication of a legal notice in a format approved by Plaintiff in each of: Tampa, Florida; Augusta, Georgia; Albany, Georgia; Birmingham, Alabama; Raleigh, North Carolina; and Greenville, North Carolina, provided that such publication is made within 30 days of the Court's order permitting Stinson to provide notice by publication (Id., ¶ 3).

Stinson does not suggest that the notice required by Paragraph E is inappropriate or unnecessary. He also has not shown that he does not have the financial ability to give the notice. The Court tried the case and thus, understood the magnitude of the notice it is requiring. Obviously the Court believes the notice mandated by Paragraph E is important. The undersigned fails to see how notice by publication could possibly be expected to reach all of the former customers or convey to them the information contained in the Court's 46 page Memorandum Opinion (Doc. 221, at 44). Stinson's lack of addresses is easily remedied. Plaintiff, as the proponent of Paragraph E, and as the recipient of the former customers' tax returns, should have all of the addresses Stinson needs. Within 21 days from the date of this Order, Plaintiff shall provide to Stinson, the most current addresses it has for everyone to whom notice is required pursuant to Paragraph E. Stinson shall then have 30 days to give the required notice. With the implementation of this procedure, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2017.

*/s/ T.B.S.*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties