UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No:   6:14-cv-1534-Orl-22TBS

JASON P. STINSON,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's Unopposed Motion for Relief From Court Order Pursuant to FED. R. CIV. P. 60 (Doc. 230). Upon due consideration, I recommend that the motion be **granted**.

### Background

Following a trial on the merits, the Court found that Defendant Jason P. Stinson, while acting as a tax preparer, violated the Internal Revenue laws by both negligently and willfully preparing tax returns containing improper and false claims that served to wrongfully reduce the taxpayer's liability (Doc. 221 at 26). The Court also found that the goal of Stinson's "business model was to essentially take advantage of low-income taxpayers." (Id. at 28). Based upon these and other findings, the Court entered a permanent injunction against Stinson that includes the following requirement ("Paragraph E"):

> E. Jason Stinson shall contact, within 30 days of this Order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom Jason Stinson, LBS Tax Services stores owned or managed by Stinson, and Nation Tax Services prepared federal tax returns or claims for a refund for tax years 2010 through the present to inform them of the

> permanent injunction entered against him, including sending a
> copy of this Order but not enclosing any other documents or
> enclosures unless agreed to by counsel for the United States
> or approved by the Court.

(Id. at 43-45). This language was suggested by Plaintiff in its Proposed Findings of Fact and Conclusions of Law (Doc. 218 at 133-34).

On March 17, 2017, Stinson requested leave to comply with Paragraph E by publication rather than regular mail (Doc. 224). At the time, Stinson estimated that the cost of complying with Paragraph E would exceed $8,000, based on a calculation of $1.50 in postage for approximately 6,000 former customers (Id. at ¶ 2). Stinson also represented that he did not have current addresses for the majority of the former customers (Id.). The Court denied Stinson's motion because he failed to show that the required notice was inappropriate or unnecessary and he failed to establish his financial inability to comply with Paragraph E (Doc. 225 at 2). The Court expressed its doubt whether publication could adequately notify all former clients of the content of the Court's 46 page Memorandum Opinion (Id.). And, the Court reasoned that Plaintiff could provide all addresses needed by Stinson (Id.). Now, Stinson has renewed his motion for relief from complying with Paragraph E (Doc. 230).

## Discussion

Federal Rule of Civil Procedure 60 permits the Court to relieve a party from complying with a final judgment for any reason that justifies relief. FED. R. CIV. P. 60(b)(6). Here, Stinson has shown that the cost of mailing notice to 9,500 former customers would exceed $27,000 (Doc. 230-3, Doc. 230-2). He represents that he is financially incapable of complying with Paragraph E because he lacks the funds to pay for the notice due to insolvency and unemployment (Doc. 230 ¶¶ 5-7). He has also provided a copy of an

email from Plaintiff's counsel who opines that notice by publication would be preferable because "many of the customer addresses are a year or more old, and it is highly unlikely that that [sic] many of these letters will reach the intended customer" (Doc. 230-1 at 1). Given Stinson's inability to comply with Paragraph E, and Plaintiff's expressed belief that notice by publication will suffice, I respectfully recommend that the motion be granted.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court,

(1) **GRANT** Defendant's Unopposed Motion for Relief from Court Order Pursuant to FED. R. CIV. P. 60 (Doc. 230);

**(2) ALLOW** Stinson to comply with Paragraph E by publishing a legal notice in a format approved by counsel for Plaintiff, or by the court prior to publication, in newspapers of general circulation located in: Tampa, Florida; Augusta, Georgia; Albany, Georgia; Birmingham, Alabama; Raleigh, North Carolina; and Greenville, North Carolina **within thirty (30) days** of the final order permitting such notice by publication; and

(3) **REQUIRE** that Stinson file with the Court, copies of the proofs of publication he receives from each newspaper which publishes the notice. These proofs should be filed with the Court **within 14 days** of Stinson's receipt of same.

**RECOMMENDED** in Orlando, Florida on May 3, 2017.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

United States District Judge
Counsel of Record